UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVAN GALVEZ, MIGUEL PEREZ, QUINTON WALKER, and CESAR CERVANTES, | § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:19-cv-02394 |
| v. | § § | |
| A-TOTAL WRAP INSULATION, LLC; and HECTOR RODRIGUEZ PAREDES, | § § § § § | |
| Defendant. | | |

### DEFENDANT'S ORIGINAL ANSWER

Defendants A-TOTAL WRAP INSULATION, LLC and Defendant HECTOR RODRIGUEZ PAREDES ("Defendants") file this Original Answer to Plaintiffs IVAN GALVEZ, MIGUEL PEREZ, QUINTON WALKER AND CESAR CERVANTES ("Plaintiffs") Petition. To answer Plaintiffs' Petition in compliance with the Federal Rules of Civil Procedure, Defendants have assigned numbers to the paragraphs in the Petition.

1

## DISCOVERY

1.  Plaintiffs intend to conduct discovery in this matter in accordance with Level of the Texas Rules of Civil Procedure, Rule 190.

**ANSWER:** There are no factual allegations to admit or deny in Paragraph 1 of the Petition.

## THE PARTIES

2.  Plaintiff, IVAN GALVEZ, is an individual residing in Harris County, Texas.

**ANSWER:** Defendants admit that they knew Plaintiff resided in Harris or Brazoria County, Texas at the time of he worked with Defendant but are without information to admit or deny where he currently resides.

3.  Plaintiff, MIGUEL PEREZ, is an individual residing in Harris C

**ANSWER:** Defendants admit that they knew Plaintiff resided in Harris or Brazoria County, Texas at the time he worked with

2

Defendant but are without information to admit or deny where he currently resides.

4. Plaintiff, QUINTON WALKER, is an individual residing in Brazoria County, Texas.

**ANSWER:** Defendants admit that they knew Plaintiff resided in Harris or Brazoria County, Texas at the time of he worked with Defendant but are without information to admit or deny where he currently resides.

5. Plaintiff, CESAR CERVANTES, is an individual residing in Harris County, Texas.

**ANSWER:** Defendants admit that they knew Plaintiff resided in Harris or Brazoria County, Texas at the time of he worked with Defendant but are without information to admit or deny where he currently resides.

6. Defendant, HECTOR RODRIGUEZ PAREDES, is an individual and can be served at 5111 Rockland Drive, Pearland, TX 77584.

**ANSWER:** Defendants admit the allegations in Paragraph 6 of the Petition.

7. A-TOTAL WRAP INSULATON, LLC, is a Texas limited liability company and can be served by serving its Registered Agent, HECTOR RODRIGUEZ PAREDES, at 5111 Rockland Drive, Pearland, TX 77584.

**ANSWER:** Defendants admit the allegations in Paragraph 7 of the Petition.

## JURISDICTION AND VENUE

8. The damages sought in this case are within the jurisdictional limits of the court. Venue is proper in Brazoria County pursuant 15.002 of the Texas Civil Practice and Remedies Code because Defendants maintain a principal place of business in Brazoria County, Texas and all or a substantial part of the events or omissions giving rise to this claim occurred in Brazoria County, Texas. This Court also has jurisdiction under the FLSA pursuant to 29. U.S.C. §216 (b).

**ANSWER:** Defendants admit the factual allegations in Paragraph 8 of the Petition.

## CONDITIONS PRECEDENT

9. All conditions precedent to maintain this lawsuit have been performed, have occurred, have lapsed or have been waived.

**ANSWER:** Defendants admit the allegations in Paragraph 9 of the Petition.

## FACTS

10. Pursuant to Section 10.001 of the Civil Practice and Remedies Code, each allegation or other factual contention in this Petition has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**ANSWER:** There are no factual allegations to admit or deny in Paragraph 10 of the Petition.

11. Defendants employed Plaintiff, IVAN GALVEZ, from October 13, 2017 until January 19, 2019 as a painter and scaffold builder at the regular rate of $25.00 per hour.

**ANSWER:** Defendants admit that the dates of employment are correct but the regular rate of pay is incorrect as alleged in Paragraph 11 of the Petition.

12. Defendants employed Plaintiff, MIGUEL PEREZ, from February of 2018 until June of 2019 (and 2 days during August of 2018) as a helper and scaffold builder at the regular rate of $20.00 per hour.

**ANSWER:** Defendants admit the regular rate of pay is correct but the dates of employment are incorrect as alleged in Paragraph 12 of the Petition.

13. Defendants employed Plaintiff, QUINTON WALKER, from April of 2018 until January of 2019 as a helper and scaffold builder at the regular rate of $20.00 per hour.

**ANSWER:** Defendants deny the allegations in Paragraph 13 of the Petition, except that Quinton Walker worked with Defendant as alleged in Paragraph 13 of the Petition.

14. Defendants employed Plaintiff, CESAR CERVANTES, from October 13, 2017 until January 19, 2018 as a helper and scaffold builder at the regular rate of $15.00 per hour.

**ANSWER:** Defendants admit the regular rate of pay is correct but the dates of employment are incorrect as alleged in Paragraph 14 of the Petition

15. Defendant, HECTOR RODRIGUEZ PAREDES, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, A-TOTAL WRAP INSULATION, LLC, and in relationship to each of the Plaintiffs.

**ANSWER:** Defendants admit only that Hector Rodriguez Parades acted directly in the interest of A-Total Wrap, but deny the other allegations in Paragraph 15 of the Petition.

16. Defendant, HECTOR RODRIGUEZ PAREDES, hired each of the Plaintiffs. Defendant, HECTOR RODRIGUEZ PAREDES, also supervised and controlled Plaintiffs' work schedule and other conditions of employment of each of the Plaintiffs. Defendant, HECTOR RODRIGUEZ PAREDES, determined the rate and method of payment for each of the Plaintiffs.

**ANSWER:** Defendants deny the allegations in Paragraph 16 of the Petition.

17. Defendant, HECTOR RODRIGUEZ PAREDES, was an employer of the Plaintiffs as defined by the Fai Labor Standards Act, 29 U.S.C. § 203(d).

7

**ANSWER**: Defendants deny the allegations in Paragraph 17 of the Petition.

18. Defendant, A-TOTAL WRAP INSULATION, LLC is a limited liability company formed and existing under the laws of the State of Texas and maintains offices in Brazoria County, Texas and its primary business is the installation of insulation and painting for commercial businesses.

**ANSWER**: Defendants admit the allegations in Paragraph 18 of the Petition.

19. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

**ANSWER:** There are no factual allegations in Paragraph 19 to deny. Defendant A-Total Wrap admits it is an employer covered by the FLSA.

20. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

**ANSWER:** Defendants admit the allegations in Paragraph 20 of the Petition.

21. At all times material to this complaint, Defendant, A-TOTAL WRAP INSULATION, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

**ANSWER:** Defendants admit it is engaged in interstate commerce but cannot admit or deny the legal conclusion assumed in Paragraph 21 of the Petition.

22. Plaintiffs were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of the Defendants' business activities.

**ANSWER:** Defendants admit the allegations in Paragraph 21 of the Petition.

23. Throughout the employment of Plaintiffs, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than

one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

**ANSWER:** Defendants admit that Plaintiffs were not paid at one and one-half times their regular rate for each hour worked in excess of 40 in a workweek, but deny all other allegations including the allegation that Defendants' actions were willful as alleged in Paragraph 23 of the Petition.

24. Plaintiffs worked numerous weeks in excess of forty hours per workweek, and were not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they were employed. Instead, Plaintiffs were merely paid their regular hourly rate for all hour worked in a workweek.

**ANSWER:** Defendants admit that Plaintiffs were not paid at one and one-half times their regular rate for each hour worked in excess of 40 in a workweek and were paid the same rate for all hours worked. Defendants deny all other allegations including the allegation that Defendants' actions were willful.

25. Plaintiffs estimate that they regularly worked in excess of 60 hours per workweek during each workweek of their employment with the Defendants.

**ANSWER:** Defendants deny the factual allegations in Paragraph 25 of the Petition.

26. Plaintiffs do not have access to their time and payroll records. However, Defendant should be in possession such documents. The documents in Defendants' possession, custody and control will show the amount of overtime worked by the Plaintiffs and the amount of their unpaid overtime wages.

**ANSWER:** Defendants admit the allegations in Paragraph 26 of the Petition.

27. As an economic reality, the Plaintiffs were each an employee of the Defendants.

**ANSWER:** Defendants admit the allegations in Paragraph 27 of the Petition.

28. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and

ailed to act diligently with regard to their obligations as employers under the FLSA.

**ANSWER:** Defendants deny the factual allegations in Paragraph 28 of the Petition.

29. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitles to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendants deny the factual allegations in Paragraph 29 of the Petition.

30. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

**ANSWER:** Defendants deny the factual allegations in Paragraph 30 of the Petition.

31. Plaintiffs work required that they work in excess of forty hours in any given work week.

**ANSWER:** Defendants deny the factual allegations in Paragraph 31 of the Petition.

32. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

**ANSWER:** Defendants deny the factual allegations in Paragraph 32 of the Petition.

33. At all times relevant to this case, the Defendants had knowledge of Plaintiffs' overtime work. Defendants approved Plaintiffs' work and hours. Plaintiffs' work benefitted Defendants.

**ANSWER:** Defendants admit that Plaintiffs worked for A-Total-Wrap and that their work benefited it. Defendants deny the other factual allegations in Paragraph 33 of the Petition.

34. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

**ANSWER:** Defendants deny the factual allegations in Paragraph 34 of the Petition.

35. Defendants are liable to Plaintiffs under the FLSA for all unpaid overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

**ANSWER:** Defendants deny the factual allegations in Paragraph 35 of the Petition.

## UNPAID OVERTIME FLSA

36. Throughout Plaintiffs' employment with Defendants, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

**ANSWER:** Defendants deny the factual allegations in Paragraph 36 of the Petition.

37. During one or more workweeks of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty (40) hours per week.

**ANSWER:** Defendants admit the allegations in Paragraph 37 of the Petition.

38. Defendants were obligated by law to pay Plaintiffs' at a rate of one and one-half times the regularly hourly rate for each hour worked over forty (40) in any workweek.

14

**ANSWER:** This allegation contains legal conclusions that Defendant cannot admit or deny.

39. Defendants did not pay Plaintiffs the overtime rate for hours worked over forty (40).

**ANSWER:** Defendants deny the factual allegations in paragraph 39 of Plaintiff's Petition.

## DAMAGES

40. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime wages which were not paid and which should have been paid.

**ANSWER:** There are no factual allegations to admit or deny in Paragraph 40 of the Petition.

41. Plaintiffs further seek liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

**ANSWER:** There are no factual allegations to admit or deny.

42. Plaintiffs also seek compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense

incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

**ANSWER:** There are no factual allegations to admit or deny.

### ATTORNEYS' FEES

43. Plaintiffs seek all reasonable and necessary attorneys' fees in this case which include preparation and trial of this lawsuit, any post-trial motions and proceedings, any appeal to the Court of Appeals or Supreme Court of Texas , and any post-judgment collection efforts pursuant to 29 U.S.C. § 216(b).

**ANSWER:** There are no factual allegations to admit or deny.

### REQUEST FOR DISCLOSURE

44. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

**ANSWER:** The Texas Rules of Civil Procedure no longer govern this case. Defendant will comply with all Federal disclosure requirements.

## JURY DEMAND

45. Plaintiffs demand a jury trial by jury on all issues and has tendered the necessary fee.

**ANSWER:** There are no factual allegations to admit or deny.

## PRAYER

46. WHEREFORE, PREMISES CONSIDERED, Plaintiffs, IVAN GALVEZ, MIGUEL PEREZ, QUINTON WALKER, and, CESAR CERVANTES, pray that Defendants be cited to appear and answer herein, and, upon final trial, Plaintiffs, IVAN GALVEZ, MIGUEL PEREZ, QUINTON WALKER, and, CESAR CERVANTES, have Judgment against Defendants, jointly and severally, as requested above, and as follows:

- Judgment against Defendants holding them liable for all damages alleged in this petition;
- Interest before and after Judgment at the highest rate provided by law, until paid;
- Costs of suit;
- Reasonable attorney's fees; and,

- Such other and further relief to which Plaintiffs may be justly entitled.

**ANSWER:** Defendants deny Plaintiffs are entitled to the relief they seek.

WHEREFORE, Defendants respectfully requests that Plaintiffs be required to fully prove each and every allegation contained in their Petition.

        Respectfully submitted:
        WEYCER, KAPLAN, PULASKI & ZUBER

        By: /s/ Mark J. Levine
            Mark J. Levine
            Texas Bar No. 00791102
            Federal ID No. 20021
            1400 Summit Tower
            Eleven Greenway Plaza
            Houston, Texas 77046
            Telephone: (713) 961-9045
            Facsimile: (713) 961-5341
            mlevine@wkpz.com

        **ATTORNEY-IN-CHARGE FOR DEFENDANT A-TOTAL WRAP INSULATION, LLC AND DEFENDANT HECTOR RODRIGUEZ PAREDES.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on all parties and counsel listed below via ECF System on the following date:  July 19, 2019:

Charles L. Scalise
Ross Law Group
State Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
Tel:  (512)-474-7677
Fax: (512)-474-5306
E-Mail:  Charles@rosslawpc.com

                By: **/s/Mark J. Levine**
                    Mark J. Levine